[L. A. No. 675.    In Bank.—April 7, 1900.]

A. M. McCONOUGHEY, etc., Contestant and Appellant, v. CITY OF SAN DIEGO, Contestee and Respondent.

MUNICIPAL CORPORATIONS—BONDS FOR WATERWORKS—CONTEST OF ELECTION BY ELECTOR AND TAXPAYER—FINDING AGAINST QUALIFICATIONS OF CONTESTANT.—Upon a contest by one claiming to be an elector and taxpayer of a city to contest an election held for the purpose of authorizing the issuance of bonds of the city in a large sum for the construction or acquisition of waterworks, where the court finds that the contestant is not, and was not during any of the times mentioned in the complaint, an elector or taxpayer of the city, such finding should end the case; and other taxpayers and citizens ought not to be bound by a litigation which the plaintiff had no right to maintain.

ID.—FINDINGS AND JUDGMENT UPON MERITS—APPEAL—REVERSAL—DISMISSAL OF ACTION.—Where the court below proceeded further to find upon the merits of the contest, and rendered judgment in favor of the validity of the election, which is in form at least binding upon citizens and taxpayers, although the contestant has no right to be heard upon appeal, and cannot be injured by the judgment, yet this court must, upon his appeal, reverse the judgment and remand the cause, with directions to the superior court to dismiss the action.

ID.—ISSUE AS TO QUALIFICATIONS OF CONTESTANT—DENIAL BY CITY FOR WANT OF KNOWLEDGE—REGISTRY LISTS—ASSESSMENT-BOOKS.—An issue as to the qualifications of the contestant may be raised by a denial thereof by the city for want of knowledge. It cannot be claimed that the registry lists or assessment-books of the city would show conclusively whether the plaintiff was or was not an elector or taxpayer at the time of the commence-

ment of the action, since prior thereto, and after the records were made up, the contestant may have ceased to be an elector or taxpayer of the city.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

A. M. McConoughey, Appellant, *in pro. per.*

H. E. Doolittle, City Attorney of City of San Diego, for Respondent.

Works & Works, and Works & Lee, *amici curiae,* against validity of bonds.

BEATTY, C. J.—This is a proceeding by one claiming to be a taxpayer and elector of the city of San Diego to contest an election held for the purpose of determining a proposition to incur a large indebtedness, and to issue bonds of the city to the amount of a million and a half of dollars for the construction or acquisition of waterworks.

The action is one which could not be maintained by anyone except a taxpayer or elector of the city, and the first finding made by the trial court is: "That the said A. M. McConoughey is not, and was not during any of the times mentioned in the amended complaint herein, an elector and taxpayer, or an elector or a taxpayer, of or in the said city of San Diego, California." This ought to have ended the case, for the only legitimate object of the proceeding was to obtain a judgment binding upon the city, its taxpayers and electors, and they ought not to be bound by a litigation which the plaintiff had no right to institute or to maintain.

The court, however, proceeded to find upon all the issues in the case, and to make a decree affirming the validity of the election and the various proceedings involved. From this decree the plaintiff appeals. If he is neither a citizen nor a taxpayer of San Diego, he has no more right to be heard in this court than in the superior court, for he cannot be injured by the decree. But the judgment is one which, in form at least, is binding upon those who are citizens and taxpayers, and for

that reason it ought not to be affirmed here. We think the only proper order to make in the case is to reverse the judgment and remand the cause, with directions to the superior court to dismiss the action.

The appellant claims, and this claim should not be overlooked, that the answer admits him to be a citizen and taxpayer by failure to deny the allegations of the complaint. The only defendant in the case is the city, and it is doubtful if the city could make an admission that would enable one who is neither a citizen nor taxpayer to carry on a litigation which would bind those who are citizens and taxpayers, but in this case the city answers that it has no knowledge as to plaintiff's being a citizen or taxpayer and therefore denies that he is either. Appellant claims that this is no denial, because the facts must appear of record in the registry lists and assessment-books kept by the city, and in such cases he contends that a denial upon information or for want of knowledge must be disregarded. But the records referred to could not have shown that plaintiff was a citizen or taxpayer at the date of the filing of his complaint. They might have shown that on the first Monday of March preceding he was a taxpayer, or that at the previous election he was a voter, and they might have been evidence *prima facie* that he was still a voter and taxpayer; but they would not have been conclusive evidence of those facts, for he could have removed from the city and parted with his property after the records were made and before the commencement of the suit.

The judgment of the superior court is reversed and the cause remanded, with directions to the superior court to dismiss the proceeding.

Temple, J., McFarland, J., Harrison, J., Van Dyke, J., and Henshaw, J., concurred.